IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00726-MEH

MALON DEAN TYGRETT,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER ACTING BY AND THROUGH THE BOARD OF WATER COMMISSIONERS a/k/a Denver Water,

    Defendant.

---

## VERDICT FORM

---

We the jury, having unanimously agreed, submit the following answers to the questions submitted by the Court:

QUESTION NO. 1: Do you find that Mr. Tygrett proved by a preponderance of the evidence that he was disabled (as defined in Instruction No. 28) at the time Denver Water terminated him?

    Answer:   YES __✓__   NO _____

**If you answered NO to Question No. 1, then your deliberations are complete, and you have found for Denver Water on both of Mr. Tygrett's claims.  Please skip all remaining questions, and sign and date this verdict form.**

**If you answered YES to Question No. 1, please proceed to Question No. 2.**

QUESTION NO. 2: Do you find that Mr. Tygrett has proved by a preponderance of the evidence that his disability was a motivating factor (as described in Instruction No. 30) in Denver Water's decision to terminate his employment?

    Answer:   YES __✓__   NO _____

If you answered NO to Question No. 2, then your deliberations as to the first claim for disability discrimination are complete, and you have found for Denver Water on that claim. Please proceed to Question No. 3.

If you answered YES to Question No. 2, then your deliberations as to the first claim for disability discrimination are complete, and you have found for Mr. Tygrett on that claim. Please proceed to Question No. 3.

QUESTION NO. 3: Do you find that Mr. Tygrett proved by a preponderance of the evidence that he requested an accommodation (as defined in Instruction No. 33) for which Denver Water received adequate notice?

Answer:   YES ✓    NO ____

If you answered NO to Question No. 3, then your deliberations as to the second claim for failure to accommodate are complete, and you have found for Denver Water on that claim. Please skip Question No. 4.

If you answered YES to Question No. 3, please proceed to Question No. 4.

QUESTION NO. 4: Do you find that Mr. Tygrett proved by a preponderance of the evidence that Denver Water could have reasonably accommodated Mr. Tygrett, allowing him to perform the essential functions of his job, and Denver Water failed to do so?

Answer:   YES ✓    NO ____

If you answered NO to Question No. 4, then your deliberations as to the second claim for failure to accommodate are complete, and you have found for Denver Water on that claim.

If you answered YES to Question No. 4, then your deliberations as to the second claim for failure to accommodate are complete, and you have found for Mr. Tygrett on that claim.

2

**NOTE:**

If you answered YES to Question No. 2 <u>OR</u> Question No. 4, then you have found for Mr. Tygrett on one or both claims. Please proceed to Question No. 5.

If you answered NO to Question No. 2; *<u>AND</u>* NO to Question No. 3 <u>OR</u> Question No. 4, your deliberations are complete, and you have found for Denver Water on both of Mr. Tygrett's claims. Please skip Question No. 5, and sign and date this verdict form.

QUESTION NO. 5: What is the amount of compensatory damages (as defined in Instruction No. 36), if any, you find that Mr. Tygrett should be awarded?

$ 3,000,000

**THE FOREPERSON SHOULD DATE THIS VERDICT FORM, AND EACH JUROR SHOULD SIGN THE VERDICT FORM**

Dated this 16th day of April, 2021.