**INSTRUCTION NO. 1**

<u>Case Presentation</u>

We are about to begin the trial of the case you heard about during jury selection.  Before

the trial begins, I am going to give you instructions that will help you to understand what will be

presented to you and how you should conduct yourself.

During the trial you will hear me use a few terms that you may not have heard before.  Let

me briefly explain some of the most common to you.  As I previously stated, the party who sues

is called the plaintiff.  In this action, there is one plaintiff—Malon Dean Tygrett.  The individual

the plaintiff sues is called the defendant.  In this case, the defendant is Denver Water.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying

"lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law

that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct

you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention

to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the

trial about determining credibility or believability of the witnesses.  During the trial you should

keep an open mind and should not form or express any opinion about the case until you have heard

all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on

the law.

From time to time during the trial, I may make rulings on objections or motions the lawyers

make.  It is a party's duty to object when the other side offers testimony or other evidence that the

party believes is inadmissible.  You should not be unfair or partial against a lawyer or the lawyer's

1

client, because the party has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

The lawyers and parties are not allowed to speak with you during this case.  When you see them at recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.  Additionally, while the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  Neither should you permit anyone to discuss the case in your presence.

During the trial, it may be necessary for me to talk with the parties out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## INSTRUCTION NO. 2

### Burden of Proof

"Burden of proof" means the obligation a party has to prove his claims. The party with the burden of proof can use evidence produced by any party to persuade you. Plaintiff, Malon Dean Tygrett, has the burden of proof in this civil action, which requires him to prove every essential element of his claim by a preponderance of the evidence. "Establish by a preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

If Plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Defendant as to that claim. This also means that if after such consideration you find the evidence of all parties to be in balance or equally probable, then Plaintiff has failed to sustain his burden and you must find for Defendant.

Defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this in more detail at the end of trial.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter

standard applicable in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**INSTRUCTION NO. 3**

<u>Lawsuit Does Not Mean Valid Claim</u>

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong.  The fact that the plaintiff complains that he has been damaged is not evidence that he has been damaged or that the other party violated the law.  The fact that a case has gone to trial does not mean that it must have some merit.  You cannot say, "Well, there must be something wrong here or the case would not be in court."  That would be improper.

**INSTRUCTION NO. 4**

Evidence in the Case

It will be your duty to decide what the facts are from the evidence the parties present.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict.  In doing so, you must follow the law as I inform you, whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be, nor do I want you to guess or speculate about my views of what verdict you should render.

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter which party calls the witness.

2.  All exhibits received in evidence, regardless of which party produces the exhibits.

3.  All facts that have been stipulated or judicially noticed, which you must take as true for purposes of this case.

A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.  Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and you must not consider it.  In addition, I may allow some testimony or exhibits only for a limited purpose, and you must consider such only for that limited purpose.

Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.  You are to decide the case solely on the evidence received in this courtroom during the trial.

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO. 5**

<u>Direct and Circumstantial Evidence</u>

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect" or "circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**INSTRUCTION NO. 6**

<u>Exhibits</u>

The lawyers may highlight certain parts of some exhibits. It is for you to determine what

significance, if any, to give the highlighted parts.

**INSTRUCTION NO. 7**

Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any

witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**INSTRUCTION NO. 8**

<u>All Available Witnesses or Evidence Need Not be Produced</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 9**

<u>Expert Testimony</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel that the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**INSTRUCTION NO. 10**

<u>Speculation</u>

Any finding of fact you make must be based on probabilities, not possibilities.  You should not guess or speculate about a fact.

**INSTRUCTION NO. 11**

<u>Sympathy</u>

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

**INSTRUCTION NO. 12**

<u>Impeachment—Inconsistent Statement or Conduct</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 13**

<u>Relevance and Use of Impeachment</u>

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

However, where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

**INSTRUCTION NO. 14**

<u>Objections and Rulings</u>

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

**INSTRUCTION NO. 15**

<u>Province of Judge and Jury</u>

After you have heard all the evidence, the parties have presented their arguments, and I have read you the instructions, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each witness.

In addition, during the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

**INSTRUCTION NO. 16**

<u>Order of Trial</u>

The trial will now begin.  First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of his claim and Defendant's lawyers may cross-examine the witnesses.  At the conclusion of Plaintiff's case, Defendant may introduce evidence, and Plaintiff's lawyer may cross-examine the witnesses.  If Defendant introduces evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What the lawyers say in the closing arguments is not evidence.  Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**INSTRUCTION NO. 17**

<u>Stipulated Jury Instruction</u>

Mr. Tygrett may use a personal, reclining chair when he is in the courtroom.  You must disregard Mr. Tygrett's use of this chair. Mr. Tygrett may also stand up from time to time. This chair and Mr. Tygrett's movements are not evidence.  You must not consider this chair or his movement as evidence that Mr. Tygrett is disabled or as support for Mr. Tygrett's claims against Denver Water in this action.  You must not draw inferences, deductions or conclusions from Mr. Tygrett's use of the chair.

**INSTRUCTION NO. 18**

<u>Introduction to Closing Instructions</u>

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you must follow my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION NO. 19**

<u>Use of Notes</u>

You may use the notes you took during the trial.  Your notes should be used only as aids to your memory, and if your memory should later be different, you should rely on your memory and not your notes.

**INSTRUCTION NO. 20**

<u>Burden of Proof</u>

   This is a civil case.  Therefore, Plaintiff Malon Dean Tygrett has the burden of proving his claim by what is called a preponderance of the evidence.  That means that no matter who produces the evidence, when you consider Plaintiff's claims in light of all the facts, you believe that his claims are more likely true than not true.  To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff would have to make the scale tip on his side.  If Plaintiff fails to meet this burden, your verdict must be for Defendant.

**INSTRUCTION NO. 21**

<u>Evidence in the Case</u>

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that have been stipulated to or judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.  In addition, if I have allowed some testimony or exhibits only for a limited purpose, you must consider such only for that limited purpose.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received during trial.

**INSTRUCTION NO. 22**

<u>Stipulated Facts</u>

The parties have stipulated to the existence of the following facts:

1.      Mr. Tygrett began working for Denver Water in May 1997 as a Utility Worker.

2.      At all times relevant, Mr. Tygrett was an "Equipment Senior Operator" in Denver Water's Operations and Maintenance Division.

3.      Mr. Tygrett was injured on March 4, 2015 when he slipped on ice at work getting into a loader. He injured his back, hip, neck, head and sciatic nerve.

4.      Mr. Tygrett was treated through Denver Water's worker's compensation for his injuries.

**INSTRUCTION NO. 23**

<u>Inferences</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw reasonable inferences from the facts you find to have been proved, as seems justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**INSTRUCTION NO. 24**

<u>Credibility of Witnesses</u>

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**INSTRUCTION NO. 25**

<u>Plaintiff's Claims</u>

Mr. Tygrett asserts two claims for relief against Denver Water. Mr. Tygrett's claims are brought pursuant to the Americans with Disabilities Act (referred to as the "ADA").  The ADA makes it unlawful for an employer to discriminate against a qualified individual because of his or her disability with respect to job application procedures, hiring, advancement of employees, compensation, job training, discharge of employees, and other terms, conditions and privileges of employment. The ADA also makes it unlawful to fail to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee with a disability.

Specific to this case, Mr. Tygrett alleges that Denver Water discriminated against him based on a disability. Mr. Tygrett also alleges that Denver Water failed to accommodate a disability.

The ADA reads, in pertinent part:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to the . . .discharge of employees . . . and other terms, conditions, and privileges of employment.

**INSTRUCTION NO. 26**

<u>Qualified Individual</u>

A person is "qualified" under the ADA if, at the time of the employment decisions affecting him, the person:

1.      Satisfied the required skill, experience, education or other job-related requirements for the position held; and

2.      Could perform the essential functions of the position held, with or without reasonable accommodations.

**INSTRUCTION NO. 27**

<u>Claim for Disability Discrimination</u>

For Mr. Tygrett to establish his claim of discrimination in violation of the ADA, he must prove by a preponderance of the evidence each of the following three elements:

1.      Mr. Tygrett was disabled at the time the employment decision was made;

2.      Mr. Tygrett was able to perform the essential functions of his job as Equipment Senior Operator, with or without a reasonable accommodation; and

3.      Mr. Tygrett's disability was a motivating factor in Denver Water's decision to terminate his employment.

[Note: Each of the above three elements is defined in other jury instructions].

If you find that Plaintiff has not proved each of the above three elements, then your verdict must be for Denver Water on this claim.

If you find that Plaintiff has proved each of the above three elements, then your verdict must be for Mr. Tygrett on this claim.

**INSTRUCTION NO. 28**

<u>Disability</u>

To establish that he was disabled under the ADA, Mr. Tygrett must prove by a preponderance of the evidence that his back constituted a physical impairment that substantially limited one or more of his major life activities at the time of Denver Water's employment decision.  To do this, Mr. Tygrett must establish each of the following three elements:

1.      He had a recognized impairment at the time of the employment decision;

2.      He has identified one or more major life activities; and

3.      His impairment substantially limited one or more of those major life activities.

The Court has determined that Plaintiff's back injury qualifies as a physical impairment within the meaning of the ADA.

A "major life activity" is any one of those activities that are regularly performed by people in their everyday lives.  In this case, Mr. Tygrett has identified and the Court has determined that the major life activities involved in this case are lifting, sitting, standing and working.

A person is "substantially limited" in his ability to perform a major life activity when that person's physical impairment causes the person to be more limited in his ability to perform that major life activity than most people in the general population.

An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. Further, an impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

**INSTRUCTION NO. 29**

<u>Essential Functions</u>

The term "essential functions" means the fundamental duties of the position held by Mr. Tygrett at the time of his termination.  The parties have stipulated that Mr. Tygrett was able to perform the essential functions of his job.

**INSTRUCTION NO. 30**

<u>Motivating Factor</u>

To meet the third element of his disability discrimination claim, Mr. Tygrett must establish by a preponderance of the evidence that his disability was a motivating factor in Denver Water's decision to terminate his employment.  Mr. Tygrett is not required to prove that his disability was the sole or exclusive factor for Denver Water's decision to terminate or that all of Denver Water's stated reasons for the decision were false.  A motivating factor is a factor that made a difference in Denver Water's decision.

**INSTRUCTION NO. 31**

<u>Business Judgment</u>

In reaching your verdict on Plaintiff's disability discrimination claim, you should keep in mind that the law requires only that an employer not discriminate against an employee based on his disability. The ADA does not require an employer to use good judgment, to make correct decisions, or even to treat, or discipline its employees fairly. Therefore, in deciding Plaintiff's disability discrimination claim, it is not your function to second-guess Defendant's business decisions or act as a personnel manager, unless you find that the decision was motivated, in whole or in part, by Plaintiff's disability. In evaluating Defendant's asserted business judgment, you must examine whether business judgment was truly employed or whether it was merely used as a pretext or to cover up disability discrimination.

## INSTRUCTION NO. 32

<u>Pretext</u>

Mr. Tygrett claims that Denver Water's reasons for its termination decision are not the true reasons but instead are pretext or an excuse for basing its employment decision on a disability. Pretext is shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Denver Water's proffered legitimate reasons for the termination that a reasonable factfinder could rationally find them unworthy of credence.

A plaintiff typically, although not exclusively, makes a showing of pretext in one of three ways:

1.     With evidence that the defendant's stated reason for the adverse employment action (here, termination) was false;

2.     With evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or

3.     With evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff.

A plaintiff who wishes to show that the company acted contrary to an unwritten policy or to company practice can do so by providing evidence that he was treated differently from other similarly situated employees who violated work rules of comparable seriousness.

If you do not believe one or more of the reasons Denver Water offered for terminating Mr. Tygrett, then you may, but are not required to, infer that Mr. Tygrett's disability was a motivating factor that made a difference in Denver Water's decision.

**INSTRUCTION NO. 33**

<u>Requesting Accommodations</u>

A plaintiff requests a reasonable accommodation by informing the defendant that he wants assistance for his disability. The plaintiff's request for a reasonable accommodation does not need to be in writing, does not need to mention the ADA, does not need formally to use the words "reasonable accommodation." An employer may ask the individual to fill out a form or submit the request in written form after receiving the initial request for an accommodation, but the employer cannot ignore the initial request. However, the plaintiff's request for accommodation must make clear that he wants assistance for his disability.

**INSTRUCTION NO. 34**

<u>Claim for Failure to Accommodate</u>

For Mr. Tygrett to establish his claim of failure to accommodate in violation of the ADA, he must prove by a preponderance of the evidence each of the following elements:

1.   Mr. Tygrett was disabled at the time the request for accommodation was made;

2.   Denver Water received adequate notice of Mr. Tygrett's disability and desire for a reasonable accommodation;

3.   A reasonable accommodation was available that would have enabled Mr. Tygrett to perform the essential functions of the job;

4.   Defendant failed to provide the requested accommodations and unreasonably failed to provide any other accommodation.

**INSTRUCTION NO. 35**

<u>Appeal</u>

The jury shall disregard any evidence relating to an appeal of the August 22, 2017 termination decision.  The Court has determined that evidence concerning any appeal is not relevant in this case.

**INSTRUCTION NO. 36**

<u>Compensatory Damages</u>

If you find for Mr. Tygrett on either of his claims, you may award compensatory damages for any pain, suffering, mental anguish, or loss of reputation that Mr. Tygrett experienced as a consequence of disability discrimination or failure to accommodate a disability.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial. The damages that you award must be fair compensation – no more and no less.

**INSTRUCTION NO.  37**

<u>Effect of Instructions as to Damages</u>

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**INSTRUCTION NO. 38**

<u>Duty to Deliberate</u>

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION NO. 39

<u>Election of Foreperson</u>

When you go to the jury room, you must first select a Foreperson.  The Foreperson will preside over your discussions and speak for you here in Court.  It is the responsibility of the Foreperson to encourage good communication and participation by all jurors and to maintain fairness and order.  Your Foreperson should be willing and able to facilitate productive discussions even when disagreements and controversy arise.

The Foreperson should let each of you speak and be heard before expressing his or her own views.

The Foreperson should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying of others.

The Foreperson should make certain that the deliberations are not rushed to reach a conclusion.

If the Foreperson you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

After you select a Foreperson, you should consider electing a secretary who will tally the votes, help keep track of who has or has not spoken on the various issues, make certain that all of you are present whenever deliberations are under way, and otherwise assist the Foreperson.

Some juries are tempted at this point to hold a preliminary vote on the case before them to "see where we stand."  It is most advisable, however, that no vote be taken before a full discussion is had on the issue to be voted on, otherwise you might lock yourself into a certain view before considering alternative, and possibly more reasonable, interpretations of the evidence.  Experience

has also shown that such early votes frequently lead to disruptive, unnecessarily lengthy, inefficient debate and ineffective decision-making.

Instead, I suggest the Foreperson begin your deliberations by directing the discussion to establishing informal ground rules for how you will proceed.  These rules should assure that you will focus on, analyze, and evaluate the evidence fairly and efficiently and that the viewpoints of each of you are heard and considered before any decisions are made.  No one should be ignored.  You may agree to discuss the case in the order of the questions presented in the Jury Verdict Form to be provided, in chronological order, or according to the testimony of each witness.  Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process of deliberation along in the event you reach a controversial issue, it is wise to pass it temporarily and move on to the less controversial ones and then come back to it.  You should then continue through each issue in the order on which you have agreed unless a majority of you agrees to change the order.

It is very helpful, but certainly not required of you, that all votes are taken by secret ballot.  This will help you focus on the issues and not be overly influenced by personalities.  Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and, therefore, should treat each other with respect.  Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken.  Each of you should listen attentively and openly to one another before making any judgment.  This is sometimes called "active listening" and it means that you should not listen with only one ear while thinking about a response.  Only after you have heard and understood what the other person is saying should you think about a response.  Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt.  If one of you is going on and on, it is the

Foreperson who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your individual opinion, but you should be open to persuasion. When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you.  It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some of the issues after listening to other views.

Misunderstanding can undermine your efforts.  Seek clarification if you do not understand or if you think others are not talking about the same thing.  From time to time the Foreperson should set out the items on which you agree and those on which you have not yet reached agreement.

In spite of all your efforts, it is indeed possible that serious disagreements may arise.  In that event, recognize and accept that "getting stuck" is often part of the decision-making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision.  Such a belief is not helpful.  It can lead to focusing on personalities rather than the issues.  It is best to be patient with one another.  At such times, slower is usually faster.  There is a tendency to set deadlines and seek to force decisions.  Providing a break or more time and space, however, often helps to shorten the overall process.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences.  With such a commitment and mutual respect, you will most likely render a verdict that leaves each of you satisfied that you have indeed rendered justice.

**INSTRUCTION NO. 40**

<u>Use of Electronic Communication Technologies</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can discuss the case only in the jury room with your fellow jurors during deliberations. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case, because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are permitted to discuss the case with your fellow jurors during deliberations, only because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you, and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

**INSTRUCTION NO. 41**

<u>Reaching a Verdict</u>

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the law as I give it to you whether you agree with it or not. You must base your verdict upon the evidence. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means you must decide the case solely on the evidence before you and according to the law as I give it to you. You have taken an oath promising to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous; that is, all jurors must agree on the verdict.

**INSTRUCTION NO. 42**

<u>Jury Verdict Form</u>

You will receive a document called a Jury Verdict Form.  The verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict[s], your Foreperson will fill in the form, sign and date it, and advise the court security officer hat you are ready to return to the courtroom.

You will note that the form includes a number of questions which call for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your Foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question.

When you have completed the verdict form, all jurors will sign and date the form, which should be brought to the courtroom when you return.  After you have filled out the Jury Verdict Form in this manner, your Foreperson should advise the court security officer stationed outside the jury room that you have reached a verdict.