# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-726-MEH

MALON DEAN TYGRETT,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS a/k/a Denver Water,

      Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION
## FOR SUMMARY JUDGMENT

---

Defendant **CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS** a/k/a **DENVER WATER**, hereby submits its Response to Plaintiff's Partial Motion for Summary Judgment, and states as follows.

### I.     STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). An issue is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). In analyzing whether a genuine fact issue exists, this court views the facts, resolves all factual disputes, and draws all reasonable inferences in favor of the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). The party moving for

summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985).

## II.   <u>ARGUMENT</u>

### A.   Plaintiff's dispositive motion was not timely filed.

Pursuant to the operative Scheduling Order, the deadline to file dispositive motions expired on September 25, 2020. [*See* ECF No. 81.] Plaintiff's Partial Motion for Summary Judgment [ECF No. 152] ("Motion"), was not filed until almost a year later, on August 16, 2021. Accordingly, the Court should deny the Motion. *See Merrill Scott & Assocs., Ltd. v. Concilium Ins. Servs.*, 253 Fed. Appx. 756, 758 (10th Cir. 2007) (affirming district court's decision to strike motion for summary judgment as untimely); *United States v. Goodman*, 2012 WL 3150534, at *10 (D. Colo. June 12, 2012) (denying summary judgement motion as untimely)[1]; *Smith v. Hess Corp.*, 2015 WL 10845784, at *2 (D.N.M. Sept. 23, 2015) (same).

### B.   Plaintiff is not entitled to summary judgment.

"*Once back pay and benefits have been awarded*, the burden is on the employer to show that the claimant did not exercise reasonable diligence in mitigating his or her damages." *Aguinaga v. United Food & Com. Workers Int'l Union*, 993 F.2d 1463, 1474 (10th Cir. 1993) (emphasis added). "To satisfy this burden, the employer must establish that: (1) there were suitable positions which the claimants could have discovered and for which they were qualified, and (2) the claimants failed to use reasonable diligence in seeking such positions." *Id.* (citing *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980)).

---

[1] Report and recommendation adopted, No. 11-CV-00274-RBJ-MEH, 2012 WL 3155824 (D. Colo. Aug. 2, 2012), aff'd, 527 F. App'x 697 (10th Cir. 2013).

Though the extent of Plaintiff's argument concerns the timing of the mitigation defense, Defendant's burden of proof was not triggered until their liability was established—at the conclusion of trial. *Id.* Moreover, at the outset of trial the parties agreed that, should the jury side with Plaintiff on the issue of liability, the issue of damages (including back pay and front pay) would be decided by the Court. As a result, Defendant's mitigation defense was not developed at trial as it was not relevant to the jury's liability analysis. This procedural fact renders this case distinguishable from the Tenth Circuit cases cited in the Motion, whereby such defense was a topic at trial. *See, e.g.*, *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1175 (10th Cir. 2000); *EEOC v. Beverage Distributors Co., LLC*, 2013 WL 6458735, *3 (D. Colo. 2013).

Following the jury's decision on liability, the parties repeatedly conferred and engaged with the Court concerning damages. Pursuant to the Court's Order [ECF No. 151], Defendants have been permitted until September 30, 2021 to submit their Rule 26(a)(2) disclosures concerning damages. This will include the disclosure of a vocational expert who will address the suitable jobs that were available to Plaintiff, as well as his failure to pursue those positions. This information will be contained within a formal expert report and could lead a reasonable fact finder (here, the Court) to conclude that Plaintiff failed to properly mitigate his damages.

Finally, should the Court determine that the disclosure of the information necessary to substantiate Defendant's failure to mitigate defense is untimely, Fed.R.Civ.P. 37(c)(1) would still permit the use of such information at a forthcoming damages hearing given it would be "harmless" under the procedural circumstances of this case. In assessing harmlessness, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt

the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

Plaintiff will not be surprised by the forthcoming information, as the failure to mitigate defense was asserted at the outset of this case. The existence of available alternative positions is also public knowledge, which has been equally available to Plaintiff since the time of his termination. Secondly, once this disclosure is made, Plaintiff will have adequate time to retain a rebuttal expert who can attempt to refute the suitableness of such positions, or Plaintiff's qualifications for same. He is therefore equipped to cure any prejudice. As for disruption of proceedings, none will occur in this instance given that the Court (and the parties) have anticipated this issue since (at the earliest) the beginning of trial—when the parties agreed to remove the damages question from the purview of the jury. Lastly, Defendant has not acted in bad faith, as evidenced by its repeated attempts to confer with Plaintiff on this issue, as well as the issue of damages generally.

For these reasons, Defendant should be permitted to substantiate and prove its mitigation defense and Plaintiff's Motion should therefore be denied.

Respectfully submitted,

s/ Courtney B. Kramer
**Courtney B. Kramer**
SGR, LLC
3900 E. Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: (303) 320-0509
E-mail: ckramer@sgrllc.com
*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2021, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer C. Robinson
Robinson & Associates Law Offices LLC
7900 E. Union Ave., Suite 1100
Denver, CO 80237
jrobinson@raemployment.com
*Counsel for Plaintiff*

Jessica Brody
Denver Water Dept. Office of General Counsel
1600 W. 12th Avenue
Denver, CO 80204
jessica.brody@denverwater.org
*Counsel for Denver Water*

s/ Carol J. Kelly
Legal Secretary