**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-726-MEH

MALON DEAN TYGRETT,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, acting by and through its Board of Water Commissioners a/k/a DENVER WATER,

    Defendant.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff, Malon Dean Tygrett (hereinafter "Plaintiff"), by and through his undersigned attorney, and for his Reply Brief in Support of Motion for Partial Summary Judgment, states as follows:

A. THE COURT DID NOT ABUSE ITS DISCRETION IN GIVING PLAINTIFF UNTIL AUGUST 30, 2021 TO FILE HIS MOTION FOR PARTIAL SUMMARY JUDGMENT.

In its Response Denver Water first argues that Plaintiff's Motion for Partial Summary Judgment filed on August 16, 2021 was not timely filed because the Scheduling Order set a deadline of September 25, 2020 for filing dispositive motions. Denver Water completely ignores the fact that the Court convened a status conference on August 9, 2021. At that conference the Court extensively questioned counsel for Defendant about Denver Water's disclosure obligations and its failure to disclose any witness or evidence related to its failure to mitigate affirmative

defense. As a result, the Court granted Plaintiff until August 30, 2021 to file a Motion for Partial Summary Judgment to address this failure. (ECF No. 151). Defendant did not object to the Court's Order at that time and does not raise any argument in its Response that the Court abused its discretion in granting Plaintiff leave to file the Motion for Partial Summary Judgment by August 30, 2021. A district court abuses its discretion if its ruling is arbitrary, capricious, or whimsical, or arises from an error of law or a clear error of fact. *Amoco Oil Co. v. U.S. Envtl. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000) (citations omitted). Here, the Court granted Plaintiff until August 30, 2021 to file his Motion. The Motion was timely filed on August 16, 2021. For all of the reasons cited in his Motion and in this Reply, the Court should grant the Motion.

> B. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT BECAUSE THE FACTS SET FORTH IN PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ARE DEEMED ADMITTED AND WARRANT SUMMARY JUDGMENT.

In its Response Denver Water failed to even address, let alone dispute, any of the facts set forth in Plaintiff's Motion for Partial Summary Judgment related to its failure to disclose witnesses to support its failure to mitigate affirmative defense in compliance with the federal rules. These facts are deemed admitted. *Milam v. Pafford EMS*, 729 Fed.Appx., 632 (10th Cir. 2018) ("The district court deemed admitted the undisputed facts set forth in Pafford's Motion for Summary Judgment because Milam failed to produce evidence or otherwise dispute these facts in the manner required by Local Rule 56.1(c). *See* E.D. Okla. Civ. R. 56.1(c). We find no abuse of discretion in this decision."); *see also* Fed.R.Civ.P. 56(e)(2) (stating that when a party fails to properly address or support a fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion for summary judgment).

Instead, Denver Water argues that its "burden of proof was not triggered until their liability was established—at the conclusion of trial." However, the issue before the Court at this time is not **WHEN** Denver Water had to establish both elements of its affirmative defense by a preponderance of the evidence but **WHEN** Denver Water's disclosure obligations were triggered requiring it to disclose the identity of individuals likely to have discoverable information.[1] As previously stated, Fed. R. Civ. P. 26(a)(1) provides that a party must, "without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims **or defenses**, unless the use would be solely for impeachment." (emphasis supplied).

In its Response Denver Water concedes that "the failure to mitigate defense was asserted at the outset of this case." (Response, pg. 4.). Accordingly, Denver Water knew that it was obligated to disclose witnesses and evidence in support of that affirmative defense when it asserted the defense. Denver Water argues that it plans on disclosing a vocational expert witness on September 30, 2021. However, this is inconsistent with the Court' Order granting Plaintiff until **August 30, 2021** to file his Motion for Partial Summary Judgment addressing the failure to disclose witnesses. Obviously had the Court intended to extend the time for Defendant to disclose

---

[1] Defendant also argues that its "mitigation defense was not developed at trial as it was not relevant to the jury's liability analysis. This procedural fact renders this case distinguishable from the Tenth Circuit cases cited in the Motion, whereby such defense was a topic at trial. *See, e.g.*, *Garcia v. Wal-Mart Stores, Inc*., 209 F.3d 1170, 1175 (10th Cir. 2000); *EEOC v. Beverage Distributors Co., LLC*, 2013 WL 6458735, *3 (D. Colo. 2013)." The fact that the jury did not decide back pay or front pay does not start the clock anew in a party's obligation to disclose relevant evidence. Thus, the only distinguishing fact between the cases Plaintiff cited in his brief and Defendant's conduct is that the Defendant never disclosed any witnesses to support its affirmative defense. Defendant cannot possibly hope to be in a better position by **not** disclosing witnesses than those who disclosed witnesses but still did not meet their burden of proof.

a witness in support of its failure to mitigate affirmative defense, the Court would not have granted Plaintiff leave to file a Motion for Partial Summary Judgment on that very issue **prior to** the alleged new disclosure date. Defendant's attempt to piggyback on the Court's Order related to the calculation of damages for the damages hearing to the Court was not extended to the failure to mitigate affirmative defense that must be tried to a jury.

> C. THE COURT SHOULD DECLINE TO CONSIDER DENVER WATER'S ARGUMENTS RELATED TO HARMLESSNESS OR PREJUDICE AS THOSE ARGUMENTS ARE NOT RELEVANT TO THE ISSUES RAISED IN PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Next, Defendant argues that there is no prejudice to Plaintiff notwithstanding the fact that the factual issue of failure to accommodate is the only remaining issue that will be tried to a jury which will subject Plaintiff to the stress and emotional trauma of a second jury trial. Denver Water has supplied no justification whatsoever for its initial failure to disclose and its decision not to pursue the defense until after the trial ended. Not only was Plaintiff surprised by Denver Water's last-minute Hail-Mary attempt to salvage its inevitable damages liability but had Denver Water timely disclosed indicating its intent to pursue the affirmative defense at trial as required by the rules, Plaintiff would have objected to the Court's determination of back pay and would not have agreed to remove the advisory opinion on back pay from the jury. Accordingly, but for Denver Water's failure to disclose, the issue of failure to mitigate would have initially been given to the jury and a second jury trial on this affirmative defense would be unnecessary. Moreover, because Defendant had identified no witnesses or evidence prior to trial, Plaintiff would have been able to pursue a Rule 50 motion on the affirmative defense at trial. Defendant's actions are prejudicial to Plaintiff.

However, although clearly prejudicial, whether or not Plaintiff has been prejudiced by the

late disclosure is simply not relevant in response to the Motion for Partial Summary Judgment and the Court should decline to consider that argument in response to the Motion for Partial Summary Judgment. Defendant's argument related to prejudice and whether its failure to disclose would be "harmless" is more akin to an argument in support of a Motion for Extension of Time. Moreover as the 10th Circuit stated in *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019), citing, *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

Finally, as this Court has ruled under similar circumstances when Plaintiff was seeking relief raised in response to a motion, "a motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document. Plaintiff has not complied with this rule. So denial of his request would be warranted on this ground alone." (ECF No. 156.). Accordingly, the Court should likewise decline to consider Defendant's arguments related to harmlessness and prejudice as set forth in its Response to the Motion for Partial Summary Judgment for this reason as well.

The factual record regarding Plaintiff's Motion for Partial Summary Judgment is clear, undisputed and mandates the entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-233, 106 S.Ct. 2548 (1986) (concluding that Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Denver Water never disclosed any witnesses or evidence in support of its affirmative

defense in compliance with Fed.R.Civ.P 26 prior to the end of discovery or at any time thereafter. Moreover, discovery was not bifurcated for the purpose of Defendant's affirmative defense or disclosure obligations. No extension of time was requested or granted to extend the time limit to disclose witnesses in support of Denver Water's failure to mitigate affirmative defense. Accordingly, the Court should grant Plaintiff's Motion for Partial Summary Judgment.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting partial summary judgment in his favor and against Denver Water with respect to Denver Water's failure to mitigate affirmative defense.

Respectfully submitted this 23rd day of September, 2021.

s/Jennifer Robinson
Jennifer Robinson
Robinson & Associates Law Office, LLC
7900 E. Union Ave., Suite 1100
Denver, CO 80237
jrobinson@raemployment.com
(303) 872-3063: *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 23rd day of September, a true and correct copy of the foregoing was served via ECF on all counsel of record.

/s/ *Jennifer Robinson*