IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00726-MEH

MALON DEAN TYGRETT,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS a/k/a Denver Water,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's "Motion for Partial Summary Judgment." ECF 152. Plaintiff seeks summary judgment on Defendant's affirmative defense of mitigation of damages, arguing that Defendant has not timely disclosed a witness capable of opining on the availability of other jobs for Plaintiff. Mot. at 9. Defendant counters that economic damages were not tried, so any post-trial disclosures are not untimely, or, if they are untimely, are harmless. Resp. at 3–4. The Motion is fully briefed, and the Court held oral argument on September 30, 2021. For the reasons described herein, the Motion is granted.

## **FINDINGS OF FACT**

The following are the Court's findings of material facts that are relevant and either undisputed[1] or supported by the record, when viewed in the light most favorable to Defendant as the non-moving party.

---

[1] The Court notes that Defendants' response did not directly respond to any of Plaintiff's proposed findings of facts. Therefore, when supported by the record, the Court adopts Plaintiff's findings.

I.  **Jury Trial**

1. A five-day jury trial was held in this case beginning on April 13, 2021.  ECF 121.

2. The jury returned a verdict in favor of Plaintiff on all claims, finding:

   a. Plaintiff was disabled at the time Defendant terminated him (ECF 127, Question 1);

   b. Plaintiff's disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment (ECF 127, Question 2);

   c. Plaintiff requested an accommodation for which Defendant received adequate notice (ECF 127, Question 3); and

   d. Defendant could have reasonably accommodated Plaintiff, allowing him to perform the essential functions of his job, and Defendant failed to do so (ECF 127, Question 4).

II. **Procedural History**

3. Plaintiff originally brought this suit in Colorado state court on December 24, 2018.  ECF 1-3.

4. Defendant removed the case to this Court on March 11, 2019.  ECF 1.

5. On June 27, 2019, Plaintiff filed his Third Amended Complaint ("TAC").  ECF 37.

6. On July 11, 2019, Defendant filed its Answer to the TAC.  ECF 38.

7. The sixth defense in that Answer alleges that "Plaintiff failed to mitigate his alleged damages."  *Id.* at 12, ¶ 6.

III. **Discovery**

8. The Court entered the Scheduling Order on May 23, 2019.  ECF 36.

9. The original discovery cut-off was January 31, 2020.  *Id.* at 12.

10. Pursuant to the parties' motions, the Court extended that deadline on January 30, 2020 (ECF 55), March 20, 2020 (ECF 55), and June 30, 2020 (ECF 77).  The last extension moved the deadline to August 14, 2020.  ECF 77.

11. At no point did the Scheduling Order or any of the orders granting extensions of time for discovery bifurcate discovery between liability and damages.

## IV.   Defendant's Disclosures

12. Defendant served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on July 25, 2019.  ECF 152-1.

13. In these Initial Disclosures, Defendant identified fifteen specific witnesses "likely to have discoverable information." *Id.* at 1–3.  None of these individuals were identified as having information or knowledge regarding Plaintiff's wages, benefits, front pay, or back pay.

14. Defendant served its First Supplemental Disclosures on April 10, 2020.  ECF 152-2.

15. In this document, Defendant identified three other specific witnesses "likely to have discoverable information."  *Id.* at 2.  None of these individuals were identified as having information or knowledge regarding Plaintiff's wages, benefits, front pay, or back pay.

16. Defendant served its Second Supplemental Disclosures on March 29, 2021.  ECF 152-3.

17. Defendant served its Third Supplemental Disclosures on April 6, 2021.  ECF 152-4.

18. Following the trial, Defendant served its Fourth Supplemental Disclosures on June 1, 2021.  ECF 152-5.

19. In this disclosure, Defendant identified Gary Brockett as an individual with "information and knowledge regarding [Defendant's] salary, benefits and retirement programs as well as [Plaintiff's] historical salary and benefits."  *Id.* at 2.  Additionally, "Mr. Brockett has completed calculations for potential back and front pay and will testify regarding same."  *Id.*

3

20.     Defendant also disclosed "[d]ocuments relating to post-trial damage calculations."

*Id.*

21.     Defendant did not serve any expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2). ECF 152-6, Decl. of Jennifer Robinson.

## **LEGAL STANDARDS**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the moving party has the burden of proof—the plaintiff on a claim for relief or the defendant on an affirmative defense—his[, her, or its] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)). "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment." *Id*. at 1154 (quoting 11 Moore's Federal Practice, § 56.40[1][c] (Matthew Bender 3d Ed. 2015)). Only evidence for which the content and substance are admissible may be considered when ruling on a motion for summary judgment. *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."); see also *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting Celotex, 477 U.S. at 324); *see Mountain Highlands, LLC v. Hendricks*, 616 F.3d 1167, 1170 (10th Cir. 2010) ("On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [its] case in order to survive summary judgment.") (quoting *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007)). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

Plaintiffs seeking back pay and benefits must make reasonable efforts to mitigate damages. *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980). "Once back pay and benefits have been awarded, the burden is on the employer to show that the claimant did not exercise reasonable diligence in mitigating his or her damages." *Aguinaga v. United Food and Commercial Workers Int'l Union*, 993 F.2d 1463, 1474 (10th Cir. 1993). To meet this burden, the employer must

establish both "that: (1) there were suitable positions which the claimants could have discovered and for which they were qualified, and (2) the claimants failed to use reasonable diligence in seeking such positions." *Id.*

Here, Plaintiff contends that Defendant will not be able to demonstrate that appropriate jobs are available. He cites several cases in support of this proposition. *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1175 (10th Cir. 2000) (finding no plain error in district court's ruling of no mitigation of damages when the defendant "offered no evidence that appropriate jobs were available for someone in [the plaintiff's] condition"); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1232 (10th Cir. 1995) (affirming trial court's refusal to instruct the jury on mitigation because the defendant did not put on evidence that other "appropriate jobs were available"); *Goodman v. Fort Howard Corp.*, 30 F.3d 141 (Table), 1994 WL 371528, at *4 (10th Cir. 1994) (finding defendant failed to meet its burden on mitigation because it "failed to produce any evidence indicating that there existed suitable positions which [the plaintiff] could have discovered and for which he was qualified"); *EEOC v. Beverage Distributors Company, LLC*, No. 11-cv-02557-CMA-CBS, 2013 WL 6458735, at *3 (D. Colo. Dec. 9, 2013), *aff'm in part and rev'd in part on other grounds*, 780 F.3d 1018 (10th Cir. 2015) (granting Rule 50 motion on mitigation of damages for plaintiff because defendant failed to present evidence that the "plaintiff could obtain" an available position); *EEOC v. Western Trading Co., Inc.*, 291 F.R.D. 615, 620 (D. Colo. 2013) (granting Rule 50 motion on issue of mitigation since defendant did not provide evidence of comparable employment).

While these cases certainly stand for the proposition Plaintiff argues, there is one material difference between all of them and this case: there has been no trial on damages in this matter. In all of those cases, the employer had the opportunity to present evidence necessary to meet its

6

burden on the affirmative defense of mitigation.  Here, the question is not whether Defendant has *met* its burden but rather whether Defendant *can* do so.

It is undisputed by the record that Defendant did not disclose any lay or expert witness on the issue of the availability of suitable positions prior to trial.  As of the first morning of trial, Defendant had insufficient evidence to sustain its burden on the first element.  If economic damages had been tried, the Court likely would have granted any Rule 50 motion by Plaintiff on the affirmative defense.  Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless.").  Plaintiff believes that notion should carry over into today; namely, Defendant could not meet its burden then, so it should not be allowed to meet its burden now.

But there is more to this story.  Although not discussed in detail in the briefing by the parties, it would be disingenuous for the Court not to address the post-trial hearings.  On May 10, 2021, the first setting before the Court after the trial, the parties discussed how to schedule the rest of the issues to be tried.  Plaintiff asserted that Defendant had disclosed new witnesses and documents (presumably, the Fourth Supplemental Disclosures) regarding the issue of damages.  Plaintiff requested additional discovery (including depositions) in light of these new disclosures.  At the next conference on June 28, 2021, Defendant specifically inquired if it would be precluded from having an expert on the issues to be tried.  The Court stated that neither party would be precluded.

Up to that point, Plaintiff had argued that Defendant waived its defense of mitigation.  In fact, Plaintiff filed a motion seeking an order that Defendant had waived.  ECF 140.  Plaintiff primarily argued that Defendant failed to raise the affirmative defense at trial and had thus waived.

*Id.* In its July 19, 2021 order, the Court found that Defendant had not waived because it asserted the defense at the appropriate times (such as in the Answer). ECF 145 at 3. Moreover, the Court ruled that a finding of waiver was not appropriate because the trial concerned only liability and non-wage damages and thus introduction of evidence on wage damages would not have been necessary or relevant. *Id.* (citing *Franzen v. Ellis Corp.*, 543 F.3d 420, 428 (7th Cir. 2008) (finding the court was not barred from hearing mitigation evidence as no evidence of damages was presented to the jury)).

It is against this backdrop that the Court must consider Plaintiff's Motion. Defendant's arguments against summary judgment are two-fold: (1) Plaintiff's Motion is untimely, and (2) even if Defendant's disclosures are untimely, they are harmless. The first argument is a double-edged sword. Defendant would seek to hold Plaintiff to the dispositive motion deadline in the Scheduling Order while simultaneously not holding itself to the discovery cut-off (or expert disclosure deadlines). Moreover, the Court expressly permitted Plaintiff at the August 9, 2021 status conference to file a motion for summary judgment on or before August 30, 2021. ECF 151. Defendant did not object at that time. Any argument now that the Motion is untimely is simply unfounded.

Defendant's argument on harmlessness is more persuasive.[2] Rule 37(c)(1) explicitly permits the use of information or witnesses not timely disclosed if "the failure was substantially justified or is harmless." To assess harmlessness, the court can consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

---

[2] Plaintiff argues that the Court should not consider this argument because it is akin to a motion for extension of time and thus not properly included in a response brief. Reply at 5. However, unlike Plaintiff's September 2, 2021 response to Defendant's motion for extension of time in which Plaintiff expressly included a request for reconsideration, Defendant here is not moving for an extension of time. Hence, the response brief does not violate D.C.Colo.LCivR 7.1(d).

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). Plaintiff responds that he has been severely prejudiced by Defendant's untimely disclosures, so the error is not harmless.

The Court agrees with Plaintiff. First, the disclosures are untimely. Even understanding that the parties agreed on the first morning of trial to not try back pay, to that point, Defendant had not disclosed a witness on economic damages. Rule 26 dictates that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or *defenses*." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Upon the parties' decision to bifurcate the trial, Defendant did not seek an extension of time by which to disclose witnesses or endorse experts. Thus, Defendant's post-trial disclosures are untimely.

Second, Plaintiff suffers prejudice from these untimely disclosures. Plaintiff had to request additional discovery into Defendant's post-trial disclosures. The purpose of timely disclosures is, among other things, to allow an opportunity to investigate claims and depose witnesses. *Ranking v. USAA Casualty Ins. Co.*, No. 16-cv-00373-WJM-STV, 2017 WL 2645631, at *3 (D. Colo. June 19, 2017). Plaintiff was not afforded this opportunity before trial. Certainly, the Court opened a period of discovery (at Plaintiff's initial request) into the post-trial disclosures, and Plaintiff would have the opportunity to conduct the needed discovery. Yet, such additional discovery adds costs and delay for Plaintiff, both of which would not have been necessary absent Defendant's late disclosures. It has been almost six months since a jury found in favor of Plaintiff; any additional delay adds to the prejudice suffered by Plaintiff. For these reasons, the Court finds significant prejudice to Plaintiff with only limited capability of curing that prejudice.

9

Additionally, the introduction of additional witnesses and experts would "disrupt" the upcoming trial on damages. Allowing the use of untimely disclosed documents and witnesses would dramatically expand the scope of any additional discovery and the trial itself. *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344–45 (10th Cir. 2020) (upholding trial court's finding that disclosures were not harmless "because discovery would need to be reopened," delaying the trial). Finally, the Court recognizes that Defendant has not acted in bad faith in untimely disclosing (nor has Plaintiff argued as such). Regardless, in weighing these factors, the Court does not find that the lack of bad faith overcomes the significant prejudice to Plaintiff or the disruption to trial. Accordingly, after considering the totality of the circumstances and weighing the relevant factors, the Court finds that Defendant's disclosures are untimely and not harmless. Because the disclosures are not harmless, Defendant cannot rely on them going forward. *E.g., id.* (affirming trial court's decision to strike untimely disclosed damages). Consequently, Defendant cannot meet its burden of showing the availability of suitable jobs for Plaintiff as part of its affirmative defense. Summary judgment for Plaintiff is appropriate.

But the ruling on disclosures goes both ways. At oral argument, Defendant asserted that Plaintiff had disclosed additional documents concerning damages that he had not previously disclosed. If Defendant's post-trial disclosures are untimely, so are Plaintiff's. With one exception, both parties will be limited to those documents and witnesses disclosed prior to the April 13 trial. The one exception is, of course, related to the Social Security documents. As described on the record at oral argument, the Court finds that these documents were untimely produced to Defendant, and that, but-for the untimely production, Defendant would have had them pre-trial. As a result, the Court permits both parties to rely on documents and witnesses relevant to Plaintiff's Social Security benefits for the upcoming trial on front pay and back.

## CONCLUSION

For the reasons stated in this Order, Plaintiff's Motion [filed August 16, 2021; ECF 152] is **granted**. Summary judgment is entered in favor of Plaintiff on Defendant's affirmative defense of mitigation of damages. As described at oral argument, the Court is setting this matter for a bench trial on November 15, 2021.

Entered this 7th day of October, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge